UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brenda R. Bromell, #302317; ) | C/A No. 8:05-0077-17BI |
| ) | |
| Petitioner; ) | |
| ) | **Report and Recommendation** |
| vs. ) | |
| ) | **for Summary Dismissal** |
| State of South Carolina; and United States of America; ) | |
| ) | |
| Respondents. ) | |
| ) | |

The Petitioner, Brenda R. Bromell, (hereafter "the Petitioner"), has filed a petition seeking to compel transfer from the South Carolina Department of Corrections (SCDC) to the custody of the Federal Bureau of Prisons (FBOP). The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., to submit findings and recommendations to the District Court.

## **BACKGROUND**

The Petitioner has twice entered guilty pleas and twice been sentenced in this Court. On both occasions, she was prosecuted as Brenda R. Hunter. In *United States v. Hunter*, 3:01-cr-00343 (D.S.C.2001), she received a suspended sentence of five years probation on a guilty plea to violation of 42 U.S.C. § 408(a)(7)(B)(Misuse of Social Security Number) and was directed to pay $2,581.79 as restitution.

In December, 2002, she was arrested in Richland County for state law violations – obtaining property by false pretenses and possessing an altered driver's license. In March, 2003, she was arrested for another violation of 42 U.S.C. § 408. Other probation violations were also alleged, including the charges in state court. [3:01-cr-0343, Document #21.] The Petitioner admitted her guilt in the probation violations and was sentenced to six (6)

1

months imprisonment. In *U.S. v. Hunter*, 03-00361, she entered a guilty plea to her second violation of 42 U.S.C. § 408 and was sentenced to thirty-seven (37) months and directed to pay $52,285.00 as restitution. The six month sentence was to be served consecutively to the longer, thirty-seven month sentence.

In imposing sentence on April 1, 2004, this Court made no reference to any pending South Carolina criminal prosecution nor did this Court direct that the respective sentences be served either concurrently or consecutively to any subsequent South Carolina conviction and judgment. [3:01-cr-0343, Document #30; 3:03-cr-0361, Document #28.] The Petitioner was simply committed to FBOP custody and remanded to the custody of the United States Marshal. The Petitioner never appealed either conviction.

This court may take judicial notice of its own records in these prior cases. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

Under *Houston v. Lack*, 487 U.S. 266 (1988) the Petitioner commenced this action on December 21, 2004, while incarcerated at Leath Correctional Institution, a facility of the SCDC. She alleged that a sentence imposed by the Richland County Court of General Sessions was to be served concurrently with her federal sentence. The Petitioner appears to seek an order of this Court jointly directing the United States of America to demand her transfer to the FBOP and the State of South Carolina to surrender her to federal custody.

The petition seeks:

> a Writ of Error No Baic Crombais [sic] based on Rule 59b and rule 60 F.R.C.P. in conjunction with a misprison [sic] and illegally and unlawfully detaining a federal prisoner in a state prison without having legal subject matter jurisdiction over the

> defendant is requesting [sic] to have a status hearing on the issue of the subject matter jurisdiction over her as far as the South Carolina Dept. of Corrections holding her unlawfully and by the federal government for failure to transport the defendant to a federal prison the denial of such a motion would be open for a judicial proceedings [sic] against the state.

[1-1, p. 2]

### *PRO SE* PETITION

Since the Petitioner is a *pro se* litigant, her pleadings are to be accorded liberal construction and held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, a *pro se* petition is still subject to summary dismissal.

A careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

### **PLACE OF CONFINEMENT RAISES NO CONSTITUTIONAL ISSUE**

Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The FBOP and its employees, particularly a warden, have the power to manage and regulate all persons

3

convicted of offenses against the United States. *See* 18 U.S.C. § 4042. Once a person is convicted of a federal crime and is committed to the custody of the Attorney General of the United States, the FBOP has the sole authority to determine that person's place of confinement and under what circumstances that person shall be confined. 18 U.S.C. § 3621(b).

It is well settled that prisoners, federal or state, who are lawfully incarcerated have no constitutionally protected interest in their custody classifications or places of confinement. *Moody v. Daggett*, 429 U.S. 78 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976); *see also Cochran v. Morris*, 73 F. 3d 1310 (4th Cir. 1996); *Slezak v. Evatt*, 21 F. 3d 590 (4th Cir. 1994); *Gorham v. Hutto*, 667 F. 2d 1146 (4th Cir. 1981); *Cooper v. Riddle*, 540 F. 2d 731 (4th Cir. 1976).

## **WRIT OF MANDAMUS**

Liberally construed, this petition appears to seek a Writ of Mandamus, respectively directing the FBOP to demand custody of the petitioner and the SCDC to surrender custody. There are two routes by which the writ may be sought in this Court: under 28 U.S.C. § 1361 or under 28 U.S.C. § 1651.

Under § 1361, the Writ of Mandamus is allowed in the following circumstances:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The writ of mandamus, under 28 U.S.C. §1361, is designed to enforce ministerial duties of employees or agencies of the United States government. Obviously FBOP and its employees would be subject to a § 1361 writ. Courts have long held, however, that the writ may be granted only when a petitioner's right is "clear" and the agency action is

"defined and peremptory" not subject to any exercise of discretion. This rule has been in place at least since 1937, as stated by the United States Supreme Court in *United States v. Helvering*, 301 U.S. 540 (1937):

> Where the right of the petitioner is not clear, and the duty of the officer, performance of which is to be commanded, is not plainly defined and peremptory, mandamus is not an appropriate remedy.

301 U.S. at 543.

The FBOP, under supervision of the United States Attorney General, exercises broad discretion in adjusting the respective interests of federal and state penal laws. In *Ponzi v. Fessenden*, 258 U.S. 254, 259 (1922), Chief Justice William Taft wrote: "We live in the jurisdiction of two sovereignties, each have its own system of courts to declare and enforces its laws in common territory." Speaking of the United States Attorney General, he noted: "In that officer, the power and discretion to practice the comity in such matters between the federal and state courts is vested." 258 U.S. at 262. On the basis of this analysis, *Ponzi* holds:

> One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to the use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery presents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it.

258 U.S. at 260.

The Petitioner cannot in this Court compel FBOP, the United States Attorney General or the United States as Respondent, to seek her transfer to federal custody from custody of SCDC under a lawful sentence. Obviously, SCDC is not an agency of the United States government and therefore is not subject to mandamus under this statute at

all.

The so-called "All Writs" statute – 28 U.S.C. § 1651 – provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

The writ of mandamus is recognized as a drastic remedy to be used only in extraordinary circumstances. *Allied Chemical Corp. v. Daiflon*, 449 U.S. 33 (1981). The writ of mandamus is infrequently used by federal courts, and usually in aid of their own jurisdiction. The statute is not a vehicle whereby jurisdiction may be acquired. Since the Petitioner is not presently in the custody of FBOP, this Court has no basis to assume jurisdiction over that federal agency.

In *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586 (4th Cir. 1969) a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." 411 F.2d at 587.

6

The holding in *Gurley* was adopted by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh*, *supra*, and *Todd v. Baskerville*, *supra*, and, therefore, was subject to summary dismissal. *Craigo v. Hey*, *supra*.

Incidentally, the Petitioner appears to complain that the South Carolina Court of General Sessions, in imposing her state sentence, failed to award her credit for time served. She attaches correspondence on this issue to her Answers to Special Interrogatories. [3-1, Answers, with Attachments at 5-1.] Among these documents are two letters from the Circuit Court of the Fifth Judicial Circuit (dated December 6th and 22nd 2004) advising the Petitioner to pursue correction of her jail credit records through SCDC. The Petitioner has provided this Court with a copy of a Step One Grievance (Grievance # 002-05) seeking adjustment of her jail time credit. Given that this action was on December 21, 2004 – ten days earlier – it is obvious that the Petitioner has not exhausted available administrative remedies with respect to this matter.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a) provides: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held this to be a mandatory provision which "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002).  The matter of time served cannot in any event be considered by this Court until the Petitioner demonstrates exhaustion of remedies available through SCDC.

## **RECOMMENDATION**

It is recommended that the petition be dismissed without prejudice and without issuance of service of process.  The Petitioner's attention is directed to the notice on the next page.

Respectfully Submitted,


s/Bruce H. Hendricks
United States Magistrate Judge

March 24, 2005

Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court).  In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \* \* \*  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603
